# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1821V

| | |
|---|---|
| FELICIA INEZ WILLIAMS,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 18, 2024 |

*Samuel A. Dion*, Dion & Goldberg, Philadelphia, PA, for Petitioner.

*Naseem Kourosh*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON JOINT STIPULATION[1]

On December 11, 2020, Felicia Inez Williams filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges in the amended petition that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving a tetanus diphtheria acellular pertussis ("Tdap") vaccine on March 13, 2019.[3] Amended Petition at 1; Stipulation, filed at January 18, 2024, ¶¶ 1-4. Petitioner further alleges that she suffered the residual effects of her injury for more than six months. Amended Petition at 14; Stipulation at ¶ 4. "Respondent denies that petitioner sustained a SIRVA Table injury; denies that the vaccine caused petitioner's alleged shoulder injury, or any other injury; and denies that petitioner's current injury is a sequela of a vaccine-related injury." Stipulation at ¶ 6.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] Petitioner's original petition sought compensation for injuries allegedly related to a Pneumovax-23 pneumococcal polysaccharide vaccine that is not covered by the Vaccine Program.

Nevertheless, on January 18, 2024, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

A. **A lump sum of $35,000.00, in the form of a check payable to Petitioner**. Stipulation at ¶ 8.

B. **A lump sum of $3,808.52, representing reimbursement of a Medicaid lien for services rendered to petitioner, in the form of a check payable jointly to petitioner and**

> **Pennsylvania Department of Human Services**
> **Bureau of Program Integrity**
> **Division of Third Party Liability/Recovery Section**
> **Attention:   Mary O'Connell**
> **TPL Program Investigator**
> **Re: Felicia Williams**
> **CIS # 002870759**
> **Incident Date: 03/13/2019**
> **P.O. Box 8786**
> **Harrisburg, Pennsylvania 17105-8486**

**Petitioner agrees to endorse this check to the Pennsylvania Department of Human Services.**

These amounts represent compensation for all items of damages that would be available under Section 15(a). *Id*.

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

FELICIA INEZ WILLIAMS,

    Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

    Respondent.

No. 20-1821V (ECF)
Chief Special Master Corcoran

## STIPULATION

The parties hereby stipulate to the following matters:

1. Felicia Inez Williams, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 *et seq.* (the "Vaccine Program").[1] The amended petitions seek compensation for injuries allegedly related to petitioner's receipt of a tetanus diphtheria acellular pertussis ("Tdap") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received a Tdap vaccine on March 13, 2019.

3. The vaccination was administered within the United States.

4. Petitioner alleges that petitioner sustained a shoulder injury related to vaccine administration ("SIRVA") as set forth in the Table. Petitioner further alleges that petitioner experienced the residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action

---

[1] Petitioner's original petition sought compensation for injuries allegedly related to a Pneumovax-23 pneumococcal polysaccharide vaccine that is not covered by the Vaccine Program.

for damages on petitioner's behalf as a result of petitioner's condition.

6. Respondent denies that petitioner sustained a SIRVA Table injury; denies that the vaccine caused petitioner's alleged shoulder injury, or any other injury; and denies that petitioner's current condition is a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

A. A lump sum of $35,000.00 in the form of a check payable to petitioner; and

B. A lump sum of $3,808.52[2] representing reimbursement of a Medicaid lien for services rendered to petitioner, in the form of a check payable jointly to petitioner and

> Pennsylvania Department of Human Services
> Bureau of Program Integrity
> Division of Third Party Liability | Recovery Section
> Attention:    Mary O'Connell
>               TPL Program Investigator
>               Re: Felicia Williams
>               CIS #: 002870759
>               Incident Date: 03/13/2019
> P.O. Box 8486
> Harrisburg, Pennsylvania 17105-8486

---

[2] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Pennsylvania may have against any individual as a result of any Medicaid payments the State of Pennsylvania has made to or on behalf of petitioner as a result of petitioner's alleged injury relating to a vaccine administered on March 13, 2019, under Title XIX of the Social Security Act, *see* 42 U.S.C. § 300aa-15(g), (h).

Petitioner agrees to endorse this check to the Pennsylvania Department of Human Services.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and petitioner's attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in petitioner's individual capacity, and on behalf of petitioner's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United

States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the Vaccine Program, 42 U.S.C. § 300aa-10 *et seq.*, on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Tdap vaccination administered on March 13, 2019, as alleged by petitioner in a petition for vaccine compensation filed on or about December 11, 2020, and in an amended petition filed on or about August 18, 2021, and in a second amended petition, filed on or about January 18, 2022, in the United States Court of Federal Claims as petition No. 20-1821V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

4

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Service that the Tdap vaccine caused petitioner's alleged injury or any other injury or petitioner's current disabilities, or that petitioner suffered an injury contained in the Vaccine Injury Table.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

## END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*/s/ Felicia Williams*
FELICIA INEZ WILLIAMS

| | |
|---|---|
| **ATTORNEY OF RECORD FOR PETITIONER:** | **AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:** |
| */s/ Samuel A. Dion* | */s/ Heather L. Pearlman* |
| SAMUEL A. DION | HEATHER L. PEARLMAN |
| Dion & Goldberger | Deputy Director |
| 1845 Walnut Street, Suite 1199 | Torts Branch |
| Philadelphia, PA 19103 | Civil Division |
| Telephone: (215) 280-0138 | U.S. Department of Justice |
| Email: samueldion@aol.com | P.O. Box 146 |
| | Benjamin Franklin Station |
| | Washington, DC 20044-0146 |
| **AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:** | **ATTORNEY OF RECORD FOR RESPONDENT:** |
| George R. Grimes - S14  Digitally signed by George R. Grimes -S14 Date: 2024.01.09 14:37:48 -05'00' | Naseem Kourosh by Heather L. Pearlman |
| CDR GEORGE REED GRIMES, MD, MPH | NASEEM KOUROSH |
| Director, Division of Injury Compensation Programs | Trial Attorney |
| Health Systems Bureau | Torts Branch |
| Health Resources and Services Administration | Civil Division |
| U.S. Department of Health and Human Services | U.S. Department of Justice |
| 5600 Fishers Lane, 08W-25A | P.O. Box 146 |
| Rockville, MD 20857 | Benjamin Franklin Station |
| | Washington, DC 20044-0146 |
| | Telephone: (202) 305-1159 |
| | Email: Naseem.Kourosh@usdoj.gov |

Dated: 01/18/2024

6