<p style="text-align:center;color:red;">CORRECTED</p>

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1821V

| | |
|---|---|
| FELICIA INEZ WILLIAMS, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: March 14, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Samuel A. Dion, Dion & Goldberger, Philadelphia, PA,* for Petitioner.

*Naseem Kourosh, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 11, 2020, Felicia Inez Williams filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged in the amended petition that she suffered a shoulder injury related to vaccine administration (known as SIRVA) as a result of receiving a tetanus diphtheria acellular pertussis vaccine on March 13, 2019.[3] Amended Petition at 1. On January 18, 2024, I issued a decision awarding compensation to Petitioner, based

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] Petitioner's original petition sought compensation for injuries allegedly related to a Pneumovax-23 pneumococcal polysaccharide vaccine that is not covered by the Vaccine Program.

upon the parties' stipulation. ECF No. 51.

On March 15, 2024, Petitioner filed a motion for attorney's fees and costs, requesting an award of $38,382.00 (representing $36,480.00 in fees and $1,902.00 in costs). ECF No. 56. Petitioner did not provide a signed statement indicating whether she incurred any out-of-pocket expenses as then required by General Order #9.

Respondent reacted to the motion on March 22, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 58.

Because the requested costs were missing the needed documentation, it appeared that Petitioner had not included all costs or listed her out-of-pocket litigation costs, I issued an order allowing Petitioner to supplement her motion. Order, issued Sept. 30, 2024. On November 6, 2024, Petitioner filed an amended motion requesting a total of $3,275.91 in attorney's costs (the $1,902.00 previously sought, as well as an additional amount of $1,373.91). ECF No. 59. Despite numerous reminders, it appears Petitioner has not stated whether any of these costs were paid by her directly. *See* Informal Remark, dated Sept. 30, 2024; Order issued Sept. 30, 2024.

Having considered the motion along with the invoices and other proof filed in connection, I find reductions in the amount of fees to be awarded appropriate, for the reasons set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed.

Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A.  Hourly Rates

Petitioner requests hourly rates for attorneys and paralegals performing work in this matter as follows:

|  | 2019 | Earlier 2020 | Later 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| Samuel Dion, Esq. | $448 | $467 | $484 | $509 | $525 | $533 | $584 |
| Jessica Daley | $135 | $135 | $135 | $135 | $135 | $135 | $135 |

ECF No. 56 at 5-6; ECF No. 56-4 at 8. The hourly rates requested for all work performed by Ms. Daley, a paralegal at the firm are reasonable, and will therefore be adopted. However, the attorney hourly rates requested for Mr. Dion requires adjustment.

Barred in 1989, Mr. Dion falls within the range of 20 to 30 years for his work performed in 2019, and within the range for 30+ years for all work performed thereafter. ECF No 56-1 at 2 (counsel's affidavit). Despite his significant legal experience, this is his first case in the Vaccine Program. And the quality of his work does not warrant an hourly rate greater than the lowest awarded for his corresponding range. *See McCulloch v. Sec'y of Health & Hum. Servs.,* No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied,* 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). Thus, I will award attorney's fees based upon the following hourly rates:

|  | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|
| Samuel Dion, Esq. | $378 | $433 | $455 | $470 | $495 | $523 |

3

**These hourly rate adjustments reduce the amount of fees to be awarded by $3,675.00.[4]**

However, a few of the tasks performed by Mr. Dion are more properly billed using a paralegal rate.[5] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). **This reduces the amount of fees to be awarded by $1,456.00.[6]**

### B. Hours Billed

Regarding the number of hours billed, I deem the amount billed to be reasonable. And Respondent has offered no specific objection to the billed hours. I have reviewed the requested hours and find them to be reasonable.

## ATTORNEY COSTS

Petitioner requests $3,275.91 in overall costs and has provided receipts for or an adequate explanation for all costs. ECF No. 59. And Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

---

[4] This amount consists of ($448 - $378) x 2.8 hrs.+ ($467 - $433) x 8.8 hrs. + ($484 - $433) x 14.7 hrs.+ ($509 - $455) x 9.5 hrs. + ($525 - $470) x 13.2 hrs. + ($553 - $495) x 19.8 hrs. + ($584 - $523) x 0.7 hrs. = $3,675.00.

[5] These entries, drafting basic documents such preparing medical records, ensuring the medical records are certified, and checking that medical records and other documents were properly filed, are dated as follows: 12/14/20, 12/15/20, 12/16/20, 12/18/20 (two entries), 12/22/20, 12/24/20, 12/30/201/5/21, 1/7/21 (two entries), 1/8/21 (two entries), 1/11/21, 1/18/21, 1/8/22, 5/16/23 (two entries), 5/30/23, 5/31/23 (two entries), 7/31/23, 8/1/23, and 9/6/23. ECF No. 56-1 at 9-10, 14-15, 16-17.

[6] This amount consists of ($433 - $163) x 1.5 hrs.+ ($455 -$172) x 2.3 hrs. + ($470 - $177) x 0.1 hrs. + ($490 - $186) x 1.2 hrs. = $1,456.00.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$34,624.91 (representing $31,349.00 for fees and $3,275.91 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.